1919-2

### IN THE UNITED STATES DISTRICT COURT FOR THE
### CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| LLANO FINANCING GROUP, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 15 CV _____ |
| | ) | |
| DANIEL T. KOON and RALLY APPRAISALS, LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT

Plaintiff, Llano Financing Group, LLC, as and for its Complaint against Defendants, Daniel T. Koon, and Rally Appraisals, LLC, states and alleges as follows:

### PARTIES

1. Plaintiff, Llano Financing Group, LLC, ("Plaintiff") is a Texas limited liability company. Its principal place of business is Austin, Texas.

2. Plaintiff is wholly owned by Hollins Holdings, LLC, a Delaware limited liability company, which is owned by the Bar-C Trust, whose trustee is Michael F. Crosson, a citizen of Texas; the Collins Family Trust, whose trustee is Walt A. Collins, a citizen of Texas; and Freedom Holdings, LLC, a Texas limited liability company. Freedom Holdings, LLC is owned by Abba Trust, whose trustee is Casey Collins, a citizen of Texas.

3. Plaintiff is suing in its capacity as agent for Impac Funding Corporation, ("Impac") the master servicer, for DEUTSCHE BANK NATIONAL TRUST COMPANY, ("Trust") a national bank association, which owns the loan that is the subject of this suit. Plaintiff has an ownership interest in the subject matter of the suit.

1

4.     Defendant, Daniel T. Koon, is and at all times relevant was licensed in Illinois as a Certified Residential Real Estate Examiner. Upon information and belief, Defendant lives at 1210 Duck Horn Dr., Normal, Illinois and is a citizen of Illinois.

5.     Defendant, Rally Appraisal, LLC, is an Illinois limited liability company whose principal office is located at 2210 Dean St, St Charles, Illinois. Upon information and belief, the members of Defendant Rally Appraisal, LLC are citizens of either Illinois and/or Iowa.

6.     Defendants, Daniel T. Koon and Rally Appraisal, LLC, shall be referred collectively as "Defendants".

## JURISDICTION AND VENUE

7.     This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as the citizenship of the Plaintiff is diverse from the citizenship of Defendants and the amount in controversy exceeds $75,000.

8.     This court has personal jurisdiction over Defendants pursuant to 735 ILCS 5/2-209(a) and (b).

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and Defendants reside in this district.

## FACTUAL BACKGROUND

10.    To protect against losses from borrower default, lenders primarily rely on the appraisals to determine the adequacy of the properties to be used as securities for the loans they make.

11.    In or about September 2006, Pamela Sallade-Bardenshtein, ("Borrower") applied for a loan from Centric Mortgage ("Lender") in the amount of $159,000 to refinance a mortgage

(the "Loan") on real estate located at 1204 E. Grove Street, Bloomington, Illinois (the "Property").

12. In or around August 2006, Centric Mortgage on behalf of the Lender ordered a written appraisal report for the Property from the Defendants on behalf of the Lender.

13. Defendants knew that the Appraisal was to be used for mortgage lending purposes.

14. Defendants completed the appraisal of the Property on or about September 1, 2006 (the "Appraisal"). Defendants appraised the value of the Property at $212,000. A true and correct copy of the Appraisal is attached hereto as Exhibit "**A**" and incorporated herein by reference.

15. The Appraisal was submitted to Lender for the purpose of facilitating the Loan.

16. The Defendants' certifications attached to the Appraisal expressly provides, in part, as follows:

   1. I have, at a minimum, developed and reported this appraisal in accordance with the scope of work requirements stated in this appraisal report.

   2. I performed a complete visual inspection of the interior and exterior areas of the subject property. I reported the condition of the improvements in factual, specific terms. I identified and reported the physical deficiencies' that could affect the livability, soundness, or structural integrity of the property.

   3. I performed this appraisal field review in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice…

   4. I developed my opinion of the market value of the real property that is the subject of this report based on the sales comparison approach to value. I have adequate comparable market data to

3

develop a reliable sales comparison approach for this appraisal assignment…

\*\*\*

6. I researched, verified, analyzed and reported the prior sales of the comparable sales for the minimum of one year prior to the date of sale of the comparable sale, unless otherwise indicated in the report.

7. I selected and used comparable sales that are locational, physically, and functionally the most similar to the subject property.

\*\*\*

9. I have reported adjustments to the comparable sales that reflect the market's reaction of the difference between the subject property and the comparable sales.

\*\*\*

14. I have taken into consideration the factors that have an impact on value with respect to the subject neighborhood, subject property, and the proximity of the subject property to adverse influences in the development of my opinion of market value. I have noted in this appraisal report any adverse conditions …observed during the inspection of the subject property or that I became aware of during the research involved performing this appraisal. I have considered these adverse conditions in my analysis of the property value, and have reported the effect on the conditions on the value and marketability of the subject property.

15. I have not knowingly withheld any significant information from this appraisal report and, to the best of my knowledge, all statements and information in the report are true and correct.

\*\*\*

23. The borrower, **another lender at the request of the borrower, the mortgagee or its successors and assigns**, mortgage insurers, government sponsored enterprises, **and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves one or more of these parties.** (Emphasis added].

4

17.  In preparing and submitting the Appraisal, Defendants were required to use reasonable care in preparing the Appraisal and to demonstrate, through their conduct, the qualifications of honesty, candor, integrity and trustworthiness necessary to prepare the appraisals.

18.  On or about September 20, 2006, Lender funded the Loan in reliance on the Appraisal of the Property.

19.  Borrower subsequently defaulted and the Trust foreclosed on the Property and suffered a loss.

20.  Plaintiff later discovered that the Appraisal prepared and submitted to the Lender by Defendants had been negligently prepared and contained material misrepresentations regarding the Property and that the Loan was significantly under-secured.

21.  The market value of the Property at the time Lender funded the Loan was far less than $159,000. Had Lender known the true market value of the Property it would not have funded the Loan.

22.  The Loan was later assigned to the Trust, along with Appraisal. Plaintiff is an assignee of the rights of Impac and has the right to enforce certain legal remedies for Impac in its name.

## COUNT I: BREACH OF CONTRACT

23.  Plaintiff incorporates the preceding paragraphs of this Complaint herein by reference.

24.  Defendants prepared the Appraisal and received valuable consideration for the Appraisal.

25. The Defendants' certification attached to the Appraisal represents, among other things, that Defendants (1) prepared a complete visual inspection of the Property, (2) performed the Appraisal in accordance with the Uniform Standards of Professional Appraisal Practice ("USPAP"), (3) selected and used comparable sales that were the most similar to the Property locationally, physically, and functionally, (4) noted any adverse influences in the Appraisal, (5) did not withhold any significant information from the Appraisal, and (6) acknowledged that any intentional or negligent misrepresentations may result in civil liability.

26. In entering into the agreement to provide the Appraisal, Defendants knew that the Appraisal would be used by the Lender and its assigns to evaluate the value of the Property in connection with a mortgage loan transaction. Lender and its assigns were intended beneficiaries of the agreement; indeed, Defendants expressly certified that "the mortgagee or its successors and assigns … and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves one or more of these parties."

27. Defendants materially breached the agreement when they, inter alia: (1) failed to accurately represent the value of the Property, (2) failed to prepare the Appraisal in conformity with USPAP, 3) failed to use comparable sales that were the most similar to the Property locationally, physically, and functionally, (4) failed to note all adverse influences in the Appraisal, and (5) withheld significant information from the Appraisal.

28. Lender performed and completed all of their obligations owed to Defendants as required, except as to any such acts or obligations Lender was excused from performing by Defendants' breach.

29. As a direct and proximate result of Defendants' material breaches of the agreement, Plaintiff has suffered damages, including a significantly under-secured mortgage loan from which only a fraction of the Loan was recovered through foreclosure.

WHEREFORE, Plaintiff, Llano Financing Group, LLC, demands judgment against the Defendants, Daniel T. Koon and Rally Appraisals, LLC, for damages, costs and expenses in an amount in excess of the jurisdictional limits to this Court, and any other relief which this Court deems just and proper.

## COUNT II: NEGLIGENT MISREPRESENTATION

30. Plaintiff incorporates the preceding paragraphs of this Complaint herein by reference.

31. Defendants performed and prepared an Appraisal and provided information to the Lender in connection with the mortgage loan referenced above. The Appraisal was performed, prepared, and submitted to Lender for the purpose of facilitating a mortgage loan.

32. The Appraisal contained numerous misrepresentations, including, falsely representing the value of the Property, falsely representing that the Appraisal was prepared in conformity with USPAP, falsely representing that comparable sales that were the most similar to the Property locationally, physically, and functionally were used, falsely representing that all adverse influences in the Appraisal had been noted, and falsely representing that no significant information from the Appraisal has been withheld.

33. At the time Defendants prepared the Appraisal they had no reasonable basis for believing the representations were true and knew or should have known the representations were false. The representations were material to Lender's decision to fund the Loan, and Defendants

intended for Lender and its assigns to rely on the representations made in the Appraisal for purpose of facilitating a mortgage loan.

34. Lender justifiably relied on the representations made by Defendants in the Appraisal in deciding to fund the Loan secured by the Property. Lender reasonably believed that the information submitted by Defendants was true and had been reviewed in accordance with USPAP and other industry standards prevalent in the appraisal industry.

35. As a direct and proximate result of Defendants' material misrepresentations, Plaintiff has suffered damages, including a significantly under-secured mortgage loan from which only a fraction of the Loan was recovered through foreclosure.

WHEREFORE, Plaintiff, Llano Financing Group, LLC, demands judgment against the Defendants, Daniel T. Koon and Rally Appraisals, LLC, for damages, costs and expenses in an amount in excess of the jurisdictional limits to this Court, and any other relief which this Court deems just and proper.

## COUNT III: PROFESSIONAL NEGLIGENCE

36. Plaintiff incorporates the preceding paragraphs of this Complaint herein by reference.

37. Defendants performed and prepared the Appraisal and provided information to Lender in connection with the Loan. The Appraisal was performed, prepared, and submitted to Lender for the purpose of facilitating the Loan.

38. The Appraiser's certification attached to the Appraisal represents, among other things, that Defendants (1) prepared a complete visual inspection of the Property, (2) performed the appraisal in accordance with the Uniform Standards of Professional Appraisal Practice ("USPAP"), (3) selected and used comparable sales that were the most similar to the Property

locationally, physically, and functionally, (4) noted any adverse influences in the Appraisal, (5) did not withhold any significant information from the Appraisal, and (6) acknowledged that any intentional or negligent misrepresentations may result in civil liability.

39.     In preparing the Appraisal, Defendants owed Lender and its assigns a duty to act in accordance with the law and in accordance with custom, practices and standards of conduct prevailing in the industry.

40.     Defendants breached their duty to Lender and its assigns in negligently preparing appraisals that contained numerous misrepresentations, failures and deficiencies, including, but not limited to: violations of USPAP; misrepresentations regarding material characteristics of the Property and the comparables; misrepresentations regarding the value of the Property; failure to use and analyze appropriate comparable sales; and failure to adequately describe the Property.

41.     As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages, including a severely under-secured mortgage loan from which only a fraction of the loan was recovered through foreclosure of the Property.

WHEREFORE, Plaintiff, Llano Financing Group, LLC, demands judgment against the Defendants, Daniel T. Koon and Rally Appraisals, LLC, for damages, costs and expenses in an amount in excess of the jurisdictional limits of this Court, and any other relief which this Court deems just and proper.

  /s/ James V. Noonan
One of the Attorneys for Plaintiff

James V. Noonan #6200366
Noonan & Lieberman, Ltd
105 W. Adams, Suite 1800
Chicago, IL 60603
312-431-1455