IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LLANO FINANCING GROUP, LLC,<br>      Plaintiff,<br><br>v.<br><br>DANILE T. KOON and RALLY<br>APPRAISALS, LLC,<br>      Defendants. | Case No. 1:15-cv-1337-MMM-JEH |

**Order**

The Plaintiff's Complaint (Doc. 1) asserts diversity of citizenship as the basis of the Court's subject matter jurisdiction. The allegations of the Complaint do not sufficiently support that assertion.

The Complaint alleges the following information about the parties. Plaintiff is a Texas limited liability company with its principal place of business in Austin, Texas. Plaintiff is wholly owned by: Hollins Holdings, LLC, a Delaware limited liability company, which is owned by the Bar-C Trust, whose trustee is Micahel F. Crosson, a citizen of Texas; the Collins Family Trust, whose trustee is Walt A. Collins, a citizen of Texas; and Freedom Holdings, LLC, a Texas limited liability company. Freedom Holdings, LLC is owned by Abba Trust, whose trustee is Casey Collins, a citizen of Texas. "Upon information and belief . . . Defendant Daniel T. Koon is a citizen of Illinois." Upon information and belief, the members of Defendant Rally Appraisal, LLC are citizens of either Illinois and/or Iowa. The Plaintiff is suing in its capacity as agent for Impac Funding Corporation, the master servicer, for Deutsche Bank National Trust Company, a national bank association, which owns the loan that is the subject of

1

this suit and the Plaintiff has an ownership interest in the subject matter of the suit.

First, asserting jurisdiction on the basis of "information and belief" is insufficient to invoke diversity jurisdiction. *America's Best Inns, Inc v Best Inns of Abilene, LP*, 980 F2d 1072, 1074 (7th Cir 1992) ("to the best of my knowledge and belief" is insufficient to invoke diversity jurisdiction); *Page v Wright*, 116 F2d 449, 451 (7th Cir 1940) (expressing serious doubts as to whether the record could be sustained in the face of a direct jurisdictional attack where diversity jurisdiction was asserted, in part, based upon information and belief).

Second, the Plaintiff includes Defendant Koon's entire address. Local Rule 5.11(A) states that "litigants must modify or partially redact certain personal data identifiers appearing in case initiating documents, pleadings, affidavits, or other papers." Local Rule 5.11(A) suggests modification to addresses to include only City and State.

Finally, the citizenship of the real party in interest is determinative when deciding whether a district court has diversity jurisdiction. *CCC Information Services, Inc v American Salvage Pool Association*, 230 F3d 342, 346 (7th Cir 2000), citing *Navarro Savings Association v Lee*, 446 US 458, 460-61 (1980). Here, the Plaintiff alleges that it is suing in its capacity as agent for the master servicer for Deutsche Bank which owns the loan that is the subject of this suit. The Plaintiff's allegation that it has an ownership interest in the subject matter of this suit does not sufficiently establish that it is the real party in interest.

Accordingly, the Plaintiff is directed to file an amended complaint that adequately alleges the factual basis for this Court's jurisdiction and that complies with Local Rule 5.11(A). The amended complaint shall be filed within 14 days of this date.

*It is so ordered.*

Entered on August 25, 2015.

<u>s/Jonathan E. Hawley</u>
U.S. MAGISTRATE JUDGE